IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**RICKEY WHITE,**

            Petitioner,

v.    Case No. 21-CV-076-JFH-KEW

**JIM FARRIS, Warden,**

            Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Dkt. No. 1]. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections ("DOC") who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma. He raises one ground for relief:

> Petitioner requesting for court order for interstate compact transfer out of the country to Canada and to be safe from other inmate who threat him of prison condition that deprive petition of a basic human need such as shelter.
>
> The petitioner he requesting for permission from this honorable court to granted him permission to be able to transfer out of the country to Canada he have people live in that country. Also unless a court document approving the travel has been obtained from the sending state under DOC Policy OP-160108.

[Dkt. No. 1 at 6-7] (spelling and syntax in original).

The Court has carefully reviewed the record and construes Petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

To the extent Petitioner is complaining about the conditions of his confinement, such claims must be presented in a civil rights complaint pursuant to 42 U.S.C. § 1983. Forms for

commencing a § 1983 action are available from the Court Clerk.

It is well settled that there is no constitutional right to incarceration in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Further, the DOC policy cited by Petitioner concerns the Interstate Compact for Probation/Parole. *See* https://oklahoma.gov/content/dam/ok/en/doc/documents/policy/section-16/op160108.pdf.[1] Petitioner is not on probation or parole, and the policy does not address transferring a prisoner to another country. Accordingly, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Dkt. No. 1] is **DENIED**.

Further, the Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000). For these reasons, a certificate of appealability cannot be issued.

THEREFORE, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Dkt. No. 1] is **DENIED**, and Petitioner is **DENIED** a certificate of appealability. All remaining pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 10th day of May 2021.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] The Court takes judicial notice of the Oklahoma Department of Corrections website pursuant to Fed. R. Evid. 201. *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).